## WARNOCK vs. CAMPBELL.

1. Equity will relieve against a conveyance made without consideration, and when the grantor, through intoxication, was, to the grantee's knowledge, not himself. But, under the circumstances, complainant not entitled to costs.

2. Taxes paid by the grantee, with interest from time of payment, must be repaid to him.

*Mr. Gilhooly*, for complainant.

*Mr. S. D. Haines*, for defendant.

THE VICE-CHANCELLOR.

The principles applicable to the relief asked for in this suit were laid down and applied in *Hutchinson* v. *Tindall*, 2 *Green's Ch. R.* 357. They were there expressed as follows:

A court of equity will hear a party who seeks relief against his own act, on the ground of intoxication, though formerly such hearing was denied. To avoid a contract on the ground of intoxication, it must be shown either that the intoxication was produced by the act or connivance of the person against whom the relief is sought, or that an undue advantage was taken of the party's situation. If a person, while in a state of intoxication, though not induced by the act or procurement of the grantee, execute an absolute conveyance of his property, without consideration, equity will relieve against the conveyance.

The complainant, Warnock, was a single man, employed in a factory in Elizabethport. He was the owner of a lot of land there, and had accumulated a little money. Generally speaking, he was steady and industrious, but had occasional sprees. The deed of conveyance which he now seeks to be relieved against, was executed on the 25th of August, 1871, and, I am entirely satisfied, was executed while he was disordered by one of these fits of intemperance. The testimony of the justice of the peace who drew up the deed and took the acknowledgment of it, does not show that the complainant was grossly, or very manifestly, intoxicated, when the deed was directed to be made, or when it was signed. But his testimony, as well as that of the grantee, fails to overcome the testimony of the physician who visited him shortly after, and found him in a disabled condition, evidently induced by excessive indulgence in liquor. The complainant and defendant went together to the office of the justice where the deed was executed, and the two went away together, taking the deed with them. The premises conveyed consisted of a lot worth, at that time, $500 or $600, and now worth more. The consideration named in the deed, was $5, but nothing was, in fact, paid by Campbell, the grantee. He says he took the lot because Warnock was giving away his property, and if the deed had not been made to him, it would have been made to some one else. He was a relative of Warnock by marriage. It does not appear distinctly, if at all, from

the evidence, that the intoxication of Warnock was induced by any act or connivance of Campbell. But the latter very well knew that Warnock was not in a sound mental state— not himself—when he conveyed this lot to him for no consideration. He calls it sometimes, in his testimony, a sale ; but the particulars he gives of the transaction, abundantly show that it was no sale at all. The bill was filed on the 5th of October, 1871. If the defendant had not been willing, or had not purposed to take an undue advantage of Warnock's temporary aberration, he would have re-conveyed the premises before the filing of the bill. What application, if any, was made to him for that purpose before suit, does not appear from the proofs. The testimony on both sides, taken before the master, is voluminous, and unnecessarily extensive. I think this circumstance is entitled to some consideration in regard to the costs, and taking it in connection with the fact that the complainant is to blame for his drunkenness, and that the consequences of his own bad conduct are now sought to be avoided, my judgment is that, while entitled to a decree for the restoration of his property, he should recover no costs. He should also refund to the defendant the sums paid by the latter for taxes on the lot, with interest from the time when respectively paid.

I will advise a decree as above.